HORACE P. RUSS and GEORGE W. REID *v.* JAMES and ERASTUS BROOKS.

The effect of the change made by the Code of Procedure, in the rules of evidence applicable to actions for libels and slanders, is, that where the defendant pleads, but fails to prove a justification, he shall not be precluded from giving evidence in mitigation, provided the mitigating circumstances are set up in the answer. (§ 165.)

Where the libel, as averred in the complaint, charged the plaintiffs, who were contractors with the corporation of New York, with fraudulent attempts to influence the Supreme Court in determining a suit therein pending against them, and with having bribed the common council; *held*, that allegations in the answer of a generally wasteful and improper course of conduct on the part of the common council, and that certain contracts obtained therefrom

by the plaintiffs would result in vast profits to them, and in detriment to the city, and that they falsely pretended to possess patent rights for paving, and made other pretences, and that they poorly performed previous contracts, and had obtained preferences over lower bidders, were properly stricken out, with additional similar matter, as too remote in application to the alleged libel to constitute mitigating circumstances.

THIS was a review of the order made at a special term, by WOODRUFF, J., striking out portions of an answer in an action brought by the plaintiffs, Russ & Reid, against the editors of the "New York Express" newspaper, for an alleged libel. The substance of the complaint, and of the matters objected to in the answer, is given in the opinion.

*Charles H. Smith,* for the defendants.

*A. L. Willard, Peter B. Sweeney* and *Henry H. Anderson,* for the plaintiffs.

BY THE COURT. DALY, J.—The effect of the change made by the Code is, that when the defendant pleads a justification, but fails to prove it, he shall not be precluded from giving evidence in mitigation, provided he has set up in his answer the facts and circumstances on which he means to rely in mitigation.

The gravamen of the libel set out in the complaint is, that the plaintiffs were engaged in a fraudulent attempt to influence the decision of the Supreme Court in the matter of the Russ pavement. That Russ had carried common councils for job after job, year after year, and that his outfits had been so expensive that his income and double profit had scarcely made up the cost of these outfits. It is difficult to get at the precise charge in the publication without the aid of the inuendoes made use of in the complaint, to show its intent or true meaning; and the substance of the inuendoes is, that the defendants intended it should be believed that the plaintiffs had been accustomed to pay the common council bribes for job after job, year after year, and that the plaintiffs

were engaged in a fraudulent attempt to influence the decision of the Supreme Court.

The matter set up in mitigation of damages is in effect that the plaintiffs had entered into a contract with the common council for the pavement of the Bowery, for which they would obtain excessive profits, more than one half of the actual cost.   That divers persons had offered to do the work in as good a manner as the plaintiffs for a large per cent. less, and give security.   That the contract was made by the common council, though the Harlem Railroad Company were under obligations to keep the Bowery in repair.   That by the plaintiffs' contract the pavement in part of the Bowery, which had been but recently laid down, was to be taken up and donated to them.   That they pretended to have a patent right for the peculiar pavement contracted for, but had not.   That they did not execute their previous contract for the pavement of Broadway in good faith ; and generally the defendants propose to give in evidence the wasteful and improper conduct of the common council, and the disregard of the public interest by which the public taxes were inordinately and unnecessarily increased.   Proceedings in public meetings in condemnation of the conduct of the common council, were also alleged.

This may all have been proper matter for the defendants to notice as public journalists ; but it furnishes no extenuation for the specific charge made in the publication in question. It is too remote and disconnected with the substantive matters charged upon the plaintiffs, and could not be received in mitigation of the charges.

Order affirmed.